Defendant-appellant, David Brenot, appeals from a judgment of conviction and sentence entered by the Franklin County Court of Common Pleas following a bench trial in which appellant was found guilty of one count of robbery.
Appellant was indicted in connection with an attempted theft of car parts from a Parts America store in Grove City, Ohio, and a physical confrontation with another customer at the store, who prevented the theft. Appellant waived his right to a jury trial and the matter was tried to the bench.
The first witness for the prosecution was Lance Wells, who testified that on July 28, 1996, he drove with his wife to the Parts America store on Stringtown Road to purchase some needed parts for his car. As he was walking from his vehicle to the store, he noticed another individual, whom he later identified as appellant, coming out of the door with his arms full of car parts. As Wells entered the store, the manager approached him and asked him if had seen another customer leave the store carrying packages, and Wells said that he had. A short time thereafter, Wells and his wife were leaving the store and noticed the man they had seen earlier carrying car parts was coming back towards the store. The manager then approached appellant and asked him if he had taken any parts from the store. The appellant denied taking any parts.
Overhearing the conversation between the store manager and appellant, Wells was conscious of a car door chime sounding nearby, and eventually located the sound as coming from a neighboring restaurant parking lot. He walked to the open vehicle and noticed a blanket on the back seat with automotive parts still in the packaging projecting into view from underneath it. When appellant returned to his vehicle, Wells asked appellant to return the parts to the store. Appellant instead got into the vehicle and prepared to drive away whereupon Wells reached into the vehicle to grab the keys and turn off the ignition. Wells and appellant struggled over the car keys and appellant pressed the accelerator and set the car in motion. Wells was eventually successful in turning off the ignition switch, and the car came to rest against a curb, with Wells half-way into the vehicle through the driver's side window. Wells withdrew from the vehicle and noticed that appellant had some sort of object in his hand which Wells viewed as a possible weapon. Wells then placed his foot against the driver's side door to keep appellant from exiting that side of the car. Appellant then exited the passenger side of the vehicle. Appellant removed the car parts from the rear seat and placed them on the car trunk lid. The store manager at that time recovered the merchandise and took the merchandise back into the store.
Appellant then asked Wells if he could leave since the merchandise had been returned to the store. Wells refused and took the opportunity to obtain the keys from the ignition and place them in his pocket. Appellant then came around the vehicle spinning some sort of object, and Wells told appellant to keep his distance or Wells would be forced to hurt him. Appellant stopped and asked for his keys back, which Wells refused. At that point appellant abandoned his vehicle and walked off behind the restaurant where he was apprehended a short distance away by the Grove City Police Department responding to the theft call.
On cross-examination, Wells stated that he was not an employee of Parts America, was not a law enforcement officer, and was in no way acting under the direction of Parts America or any of its employees when he detained appellant.
The next witness for the prosecution was Officer Jeffrey Pearson of the Grove City Police Department. Officer Pearson testified that on the day in question, he responded to a theft call at the Parts America store on Stringtown Road. While in route to the store, he spotted an individual fitting the theft suspect description and stopped appellant. During the course of patting down appellant, he secured an "asp baton," which he described as an expandable baton which collapses to fit in a pocket. He then escorted appellant to the Parts America store and had him identified by Wells and the store manager.
The prosecution then called Detective Doug Fraley, of the Grove City Police Department. Detective Fraley conducted the initial interview with appellant after he was brought to the police station. At that time, appellant voluntarily stated that he had removed some merchandise from the store, and when confronted by the store manager, was told that if he returned the merchandise, the police would not be called. Appellant further stated to Detective Fraley that after he returned the merchandise, he was forced to struggle with Wells, who would not allow him to leave. Appellant's statement was that he engaged in a physical struggle with Wells only in self-defense. The valuation of merchandise taken by appellant, according to Detective Fraley's report, was $167.97.
The final witness for the prosecution was Rick Weyer, manager of the Parts America store. Weyer testified that on the day in question, he saw an individual wearing a red hat leave the store carrying merchandise which had not been paid for. Weyer followed him outside to try and obtain a license plate number of the thief's vehicle, since store policy was to avoid physical confrontations with shoplifters. He saw the same individual still wearing a red hat, whom he identified as appellant, returning towards the store but not carrying anything at that time. Weyer asked appellant if he had taken anything from the store, and appellant denied it. At that time Wells was entering the store, and Weyer asked him if he had seen appellant take anything. Wells said that he had. Weyer then saw the physical struggle between Wells and appellant over the car keys, and his testimony corroborated Wells' description of this and of the subsequent return of the merchandise by appellant. Weyer gave the value of the items taken by appellant as totaling $299.95.
On cross-examination, Weyer confirmed that he had no intention of detaining appellant himself in connection with the theft and did not instruct Wells to detain appellant. Weyer stated that he was at no time personally threatened by appellant. Weyer conceded that he personally did not see appellant threaten Wells with any kind of billy-club or baton.
The defense rested without presenting any testimony. The court then found appellant not guilty of the aggravated robbery charge but guilty of robbery, and sentenced him to a term of four years imprisonment.
Appellant has timely appealed and brings the following assignment of error:
 "THE TRIAL COURT ERRED WHEN IT ENTERED JUDGMENT AGAINST THE DEFENDANT WHEN THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN A CONVICTION AND WAS NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE."
The gist of appellant's argument upon appeal is that he cannot be convicted of a robbery offense when the only force used was his attempt to elude the restraint imposed by an officious intermeddler, unconnected with the merchant from whom the theft occurred, and who was conducting an illegal citizen's arrest. Absent the requisite element of force in pursuance of a theft offense or escape therefrom, appellant asserts there is insufficient evidence to support his conviction for robbery, or alternatively that his conviction is against the manifest weight of the evidence.
The legal concept of the sufficiency and weight of the evidence involve different determinations and standards of review on appeal. State v. Thompkins (1997), 78 Ohio St.3d 380
-386. "Sufficiency" is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law. A determination as to whether the evidence is legally sufficient to sustain a verdict is a question of law. Id. The relevant inquiry by court of appeals, on the review of the sufficiency of the evidence, is whether, "after viewing the evidence in the light most favorable to the prosecution, any rationale trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia (1979), 99 S.Ct. 2781,2889. A reversal based on insufficient evidence has the same effect as a not guilty verdict and thus precludes retrial.Tibbs v. Florida (1982), 102 S.Ct. 2211, 2218.
The issue of manifest weight of the evidence, on the other hand, requires an appellate court to "review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts in the evidence the jury clearly lost its way and clearly created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v.Martin (1983), 20 Ohio App.3d 172, 175.
The present case only involves a challenge to the sufficiency of the state's evidence. The defense presented no testimony or evidence at trial, and the testimony of the prosecution witnesses was without major conflict. There is thus no question of whether the evidence available was mis-weighed by the trier of fact but only whether, as a matter of law, the evidence, if believed, would support a conviction for robbery.
The offense of robbery is defined under R.C. 2911.02(A):
 "(A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:
 "(1) Have a deadly weapon on or about the offender's person or under the offender's control;
 "(2) Inflict, attempt to inflict, or threaten to inflict physical harm on another;
 "(3) Use or threaten the immediate use of force against another."
Appellant concedes the existence of an underlying theft offense, but argues that the use of force by appellant was not in furtherance of the theft or escape, but in response to an equally unauthorized use of force by Lance Wells, who was acting as an officious inter-meddler and had no right to detain appellant for a simple misdemeanor.
It is well-settled in Ohio that when a shop-lifter uses force to resist legitimate effort to prevent him from making off with stolen goods, or to escape from the scene, the shoplifter thereby becomes a robber. State v. Jones (June 11, 1998), Franklin App. No. 97APA08-1105, unreported (1998 Opinions 2082, 2090-91). Typically, however, the use of force by a shoplifter-turned-robber involves resistance against apprehension by store detectives or employees, who are acting under the authority to detain thieves found in Ohio's merchant detention statute, R.C. 2935.041. That statute provides as follows:
 "A merchant, or his employee, who has probable cause to believe that items offered for sale by a mercantile establishment have been unlawfully taken by a person, may, for the purposes set forth in Division C of this section, detain the person in a reasonable manner for a reasonable length of time within the mercantile establishment or its immediate vicinity."
Both the Parts America store manager, Weyer, and Wells himself, testified that Wells was not acting under the direction of Weyer or any other Parts America employee, or otherwise the agent of the store. Wells was therefore not acting pursuant to the privilege granted under the merchant detention statute. Any privilege on the part of Wells to detain appellant must therefore spring from Ohio's citizen arrest statute, R.C. 2935.04:
 "When a felony has been committed, or there is reasonable ground to believe that a felony has been committed, any person without a warrant may arrest another whom he has reasonable cause to believe is guilty of the offense and detain him until a warrant can be obtained."
In the present case, the goods taken by appellant were valued at most, at $299.95. At the time in question, theft of goods with a value of less than $500 constituted a misdemeanor offense. Wells did not testify that he believed appellant to be guilty of a felony at the time he intervened. Wells was therefore not privileged to detain appellant pursuant to the citizen's arrest provisions of R.C. 2935.04.
Since we must find that Wells' physical detention of appellant was not a legally permissible use of physical force to detain another person, either under the merchants detention statutes or the citizen arrest statute, we can define the core issue of this case as follows: whether a thief who is subjected to an improper use of force by an individual seeking to either thwart the theft or to prevent flight, may see his crime increase from simple theft to robbery through his physical resistance to the officious intermeddler.[1]
Numerous cases have noted the impropriety of the use of force by a private citizen to arrest or detain the perpetrator of a mere misdemeanor. An attempt to secure the car keys to the suspected thief's vehicle has been held as an unreasonable use of force to effect a citizen's arrest without legal justification. State v. Graham (Dec. 16, 1998), Wayne App. No. 98CA0007, unreported. The vast majority of such cases addressing the propriety of a citizen's arrest, however, concern the issue from the perspective of civil or criminal liability of the person attempting the arrest, rather than the person subjected to it. As such, these cases are not conclusive of the impact of appellant's own use of force as an element of the robbery offense with which he was charged.
Appellee cites several cases in which thieves were charged and convicted of robbery for resisting detention or private recovery of the merchandise by private individuals, at relatively great distances from the original crime scene.State v. Richardson (Apr. 24, 1975), Franklin App. No. 75AP-40, unreported (1975 Opinions 938); State v. Scott (Mar. 11, 1991), Adams App. No. CA505, unreported. None of these cases, however, discuss the propriety of the attempt to detain the thief, suggesting that the issue was never raised or considered. Another Ohio appellate court has stated that "there is nothing in the robbery statute * * * to suggest that a thief is privileged to use force in attempting to flee the scene if force is used improperly against him to prevent him from fleeing the scene." State v. Clark (Apr. 22, 1993), Green App. No. 92-CA-61, unreported. This statement in Clark, however, is dicta, because the court in that case went on to conclude that the use of force against the thief was authorized under the merchant detention statute.
We are thus without definitive authority addressing with any sort of rationale or discussion the issue which we must decide today. However, given the factual context of this case, the non-applicability of R.C. 2935.041, and the limited right of citizen's arrest to felonious conduct, we conclude that appellant's use of force to resist Wells' improper attempt to detain him may not give rise to a charge of robbery based on the underlying theft of car parts.
We recognize the statutory restriction on the right of citizen's arrest to serious, felony crimes serves important policy interests. Intervention by untrained civilians in a relatively minor property crime shows commendable civic spirit, but can expose the intervenor to a violent reaction from the offender far greater than that demonstrated by appellant in the present case. And it is foregone that the untrained civilian is much less equipped to cope with exigency of the circumstances than a trained law enforcement officer, or store detective. Furthermore, the intervening civilian could not always be counted on to provide the measured response in judgment exercised by Wells in the present case. The prospect of a minor shoplifter suffering a severe beating at the hands of an over-zealous civilian is not one which should be encouraged under the law. The happenstance confrontation of a well meaning, but untrained civilian, and a potentially dangerous or desperate criminal endangers the general public far beyond the need to legally sanction or encourage such conduct.
At common law there was an absolute right to resist an improper arrest. This right was noted by the Supreme Court of Ohio in Columbus v. Fraley (1975), 41 Ohio St.2d 173, in which case the Supreme Court abrogated the common law right with respect to an unlawful arrest by a known police officer. Id.,
paragraph three of the syllabus. Fraley has never been extended to cases of unauthorized arrest by a private citizen, where inherent police authority is not present and other considerations apply as outlined above, due to the lack of accountability of the arresting party.
We accordingly find that there was insufficient evidence to sustain appellant's conviction of robbery under R.C. 2911.02, because the requisite element of the use of force in committing or attempting to commit a theft offense, or in fleeing thereafter, is not met under the present facts. Appellant's conviction for robbery is therefore reversed, and this matter is remanded to the Franklin County Court of Common Pleas, which shall modify its judgment to reflect the appropriate theft offense, and resentence appellant accordingly.
Judgment reversed; cause remanded with instructions.
BOWMAN, J., concurs.
BROWN, J., dissents.
[1] Our decision today does not, of course, concern the use of force by a thief against his victim, pursuant to resistance offered by the victim to thwart the theft. This is robbery by definition and bears no relation to the present facts.